

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,658-01

### EX PARTE ZACHARY WHITESIDE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2015-CR-2958-W1 IN THE 399TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver a controlled substance and sentenced to forty-five years' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Whiteside v. State*, No. 04-16-00171-CR (Tex. App.—San Antonio Mar. 8, 2017) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he did not explain the possibility that Applicant would face the habitual offender punishment range. Applicant argues that this caused his refusal of a 20-year plea offer to be

involuntary.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). Counsel has provided an affidavit and the trial court has made findings, but in these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to provide a supplemental response to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance caused Applicant's decision to reject a plea offer to be involuntary. Should the trial court determine that counsel was deficient, it shall determine whether there is a reasonable probability that: (1) Applicant would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the court would not have refused to accept the plea bargain. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 13, 2017
Do not publish